1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA 94105-2994
   Telephone: (415) 268-2000
4  Facsimile: (415) 268-1999
   Email: matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   INTERSCOPE RECORDS; UMG
7  RECORDINGS, INC.; SONY BMG
   MUSIC ENTERTAINMENT; ZOMBA
8  RECORDING LLC; CAPITOL RECORDS,
   INC.; WARNER BROS. RECORDS INC.;
9  and ELEKTRA ENTERTAINMENT
10 GROUP INC.

11
                UNITED STATES DISTRICT COURT
12              NORTHERN DISTRICT OF CALIFORNIA
13              _____ DIVISION

14
15 INTERSCOPE RECORDS, a California general    CASE NO. CV 08-1047
   partnership; UMG RECORDINGS, INC., a
16 Delaware corporation; SONY BMG MUSIC
   ENTERTAINMENT, a Delaware general           **EX PARTE APPLICATION FOR LEAVE**
17 partnership; ZOMBA RECORDING LLC, a         **TO TAKE IMMEDIATE DISCOVERY**
   Delaware limited liability company; CAPITOL
18 RECORDS, INC., a Delaware corporation;
19 WARNER BROS. RECORDS INC., a Delaware
   corporation; and ELEKTRA
20 ENTERTAINMENT GROUP INC., a Delaware
   corporation,
21
22              Plaintiffs,
23      v.
24
   JOHN DOE,
25              Defendant.
26
27
28

---

EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY
Case No. _____
#35703 v1

1  Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26
2  and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum
3  of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.
4  In support thereof, Plaintiffs represent as follows:
5  Plaintiffs, record companies who own the copyrights in the most popular sound recordings in
6  the United States, seek leave of the Court to serve limited, immediate discovery on a third party
7  Internet Service Provider ("ISP") to determine the true identity of Defendant John Doe, who is being
8  sued for direct copyright infringement.[1]
9  As alleged in the complaint, Defendant John Doe, without authorization, used an online
10 media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted
11 works to the public. Although Plaintiffs do not know the true name of Defendant John Doe,
12 Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to
13 Defendant on the date and time of Defendant's infringing activity.
14 Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify
15 Defendant's true name, current (and permanent) address and telephone number, e-mail address, and
16 Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify
17 Defendant John Doe or pursue their lawsuit to protect their copyrighted works from repeated
18 infringement.
19 Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule
20 26(f) conference where there are no known defendants with whom to confer.

---

[1] Because Plaintiffs do not yet know Defendant's true identity, Plaintiffs are unable to personally serve Defendant with a copy of this motion. Instead, Plaintiffs will serve the Clerk of Court pursuant to Fed. R. Civ. P. 5(b)(2)(C) ("If the person served has no known address, [service under Rule 5(a) is made by] leaving a copy with the clerk of the court.") and will serve Defendant's ISP with a copy of this motion. Additionally, if the Court grants this motion, Plaintiffs will ask the ISP to notify the Defendants of the subpoena and provide Defendant with an opportunity to object.

1  WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the
2  foregoing requested discovery immediately.
3
4  Dated:   February 21, 2008          HOLME ROBERTS & OWEN LLP
5
6                                      By _____
7                                      MATTHEW FRANKLIN JAKSA
                                       Attorney for Plaintiffs
8                                      INTERSCOPE RECORDS; UMG
                                       RECORDINGS, INC.; SONY BMG MUSIC
9                                      ENTERTAINMENT; ZOMBA RECORDING
                                       LLC; CAPITOL RECORDS, INC.; WARNER
10                                     BROS. RECORDS INC.; and ELEKTRA
                                       ENTERTAINMENT GROUP INC.
11

2

EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY
Case No. _____
#35703 v1